UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ATEF B. BESHAY,
    Plaintiff,

v.                                            CIVIL ACTION NO. 10-11371-NMG

NATIONAL PRODUCT SERVICE,
    Defendant.

## MEMORANDUM AND ORDER

GORTON, D.J.

On September 14, 2010, a Memorandum and Order (Docket No. 4) issued directing, *inter alia*, Plaintiff to submit a copy of his right to sue letter from the Equal Employment Opportunity Commission ("EEOC") or advise this Court that he has not exhausted his administrative remedies with respect to his Title VII claim.

On October 7, 2010, Plaintiff paid the $350.00 filing fee and submitted the right to sue letter from the EEOC; however, the document was inadvertently misplaced and was not docketed until November 9, 2010.

Unaware of the EEOC letter, on October 22, 2010, this Court issued a Memorandum and Order (Docket No. 5), dismissing this action for failure to comply with the directives regarding exhaustion of administrative remedies with the EEOC.

In light of the fact that Plaintiff has apparently exhausted his administrative remedies with the EEOC, it is hereby Ordered that the Order of Dismissal (Docket No. 6) is VACATED and this action shall be reinstated as a pending case on the docket.[1]

---

[1] It is not clear whether Plaintiff exhausted his claims with respect to the National Product Service. The notation on the bottom of the EEOC letter references a copy to Rent-A-Center in Texas and not National Product Service. Nevertheless, this Court will permit the case to proceed at this time and the issue may be addressed at a later date, if appropriate.

It is Further Ordered that the Clerk shall issue a summons with respect to Defendant National Product Service.[2] Notwithstanding Fed. R. Civ. P. 4(m) and Local Rule 4.1, the Plaintiff shall have 120 days from the date of this Order to complete service and file proof of service with the Court.

No summons shall issue with respect to Manager Tom Stewart, as he is not named as a party to this action in the body of the Complaint, nor does he appear to be an "employer" subject to Title VII. The Clerk shall correct the docket accordingly.

SO ORDERED.

12/3/10
DATE

UNITED STATES DISTRICT JUDGE

---

[2]Because Plaintiff paid the filing fee and is not proceeding *in forma pauperis*, the Court will not direct the United States Marshal Service to advance the costs of service of process; Plaintiff must make his own arrangements to effect service in accordance with the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 4 and 5.